IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                              CRIMINAL ACTION NO. 2:17-cr-00124-1

JOSEPH DANIEL MILLS

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Joseph Daniel Mills' Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Extraordinary and Compelling Circumstances due to the COVID-19 Virus. The Court in deciding such motions will consider the following: whether the defendant has exhausted his or her administrative remedies, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and the § 3553(a) factors. In deciding what constitutes "extraordinary and compelling reasons" for release by reason of COVID-19, a defendant must demonstrate that he or she has a medical condition listed by the Centers for Disease Control and Prevention as causing an increased risk of severe illness from COVID-19 and that he or she is at a facility which cannot effectively prevent the spread of the virus.

For the reasons explained herein, the motion is **DENIED without prejudice**.

### I. BACKGROUND

On May 25, 2018, I sentenced Mr. Mills to 108 months of imprisonment followed by three years of supervised release after he pleaded guilty to one count of

possession with intent to distribute methamphetamine. [ECF No. 39]. Mr. Mills has served approximately 27% of his sentence.

Mr. Mills is imprisoned at FCI Morgantown in Morgantown, West Virginia. FCI Morgantown is a minimum-security facility that houses 455 inmates. Since the outbreak of the COVID-19 pandemic, FCI Morgantown has seen four total inmate infections and two total staff infections. *See COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Oct. 15, 2020). Mr. Mills alleges that he suffers from diminished lung capacity due to a procedure he underwent to treat a chest injury he suffered in 1997. [ECF No. 42, at 8]. Defendant also states that he suffers from high blood pressure and obesity [ECF No. 42, at 8]. However, in his reply brief, Defendant concedes that he does not meet the medical definition of obesity [ECF No. 48, at 3].

## II. DISCUSSION

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

In order to grant Mr. Mills' motion to reduce his sentence under the First Step Act, I must first find that he has exhausted his administrative remedies, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety

of others, and this his release would be consistent with the § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018). As I will explain, to find "extraordinary and compelling reasons" exist by reason of COVID-19, Mr. Mills must demonstrate both (i) that he is at a facility which cannot effectively prevent the spread of the virus; and (ii) that he has a medical condition listed by the Centers for Disease Control and Prevention ("CDC") as causing an increased risk of severe illness from COVID-19.

    a. **Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)**

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But, before they make such requests, defendants must ask BOP to do so on their behalf and give BOP thirty days to respond. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Though some district courts have waived this exhaustion requirement because of the COVID-19 pandemic,[1] the majority of district courts have found that failure to exhaust administrative remedies is a death knell to a

---

[1] *See e.g.,United States v. Paul Gileno*, No. 3:19-CR-161-(VAB)-1, 2020 WL 1916773, at *5 (D. Conn. Apr. 20, 2020) (finding that the exhaustion requirement should be waived as undue delay in defendant's release could result in catastrophic health consequences for him in light of his underlying health conditions and the COVID-19 pandemic); *United States v. Jones*, Criminal No. 3:11cr249-MHL, ECF No. 47 (E.D. Va. Apr. 3, 2020) (finding that the defendant's "unique circumstances and the exigency of a rapidly advancing pandemic" justified waiver of the exhaustion requirement); *United States v. Perez*, No. 17 Cr. 513 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (finding that the defendant's "undisputed fragile health, combined with the high risk of contracting COVID-19 in the [Metropolitan Correctional Center], justifies waiver of the exhaustion requirement," because the defendant had "less than three weeks remaining on his sentence" and suffered "severe side effects" from two surgeries); *United States v. Calvin*, No. 19 Cr. 179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (finding that "all three exceptions to the exhaustion requirement apply to Defendant's request").

defendant's request for compassionate release.[2] I have held in agreement with the majority of courts, finding that a defendant must exhaust his or her administrative remedies before motioning this court. *United States v. Thompson*, ---F.Supp.3d---, No. 2:18-CR-00105, 2020 WL 2121371, at *4 (S.D. W. Va. May 5, 2020). I adopt and incorporate my reasoning in *Thompson* here.

In this case, the Government does not dispute that more than 30 days have elapsed since Mr. Mills made his request to the BOP on April 16, 2020. I find that Defendant has exhausted his administrative remedies.

### b. Extraordinary and Compelling Circumstances

To demonstrate "extraordinary and compelling" circumstances related to the COVID-19 pandemic, the Defendant must demonstrate that he is incarcerated at a facility that is unable to contain the spread of the coronavirus and that he suffers from one of the conditions that the CDC classifies as those which puts a person at an increased risk of a severe health outcome or death from COVID-19. *See, e.g., United States v. Bass*, No. 1:10-CR-166 (LEK), 2020 WL 2831851, at *3–4 (N.D.N.Y. May 27, 2020).

I find that Mr. Mills has failed to demonstrate that he is incarcerated at a facility which cannot effectively control the spread of the coronavirus. The COVID-19 pandemic has been rampant in the United States since March, 2020. Since that time,

---

[2] *See e.g., United States v. Wright*, No. 17 CR 695 (CM), 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020); *United States v. Feiling*, No. 3:19 CR 112 (DJN), 2020 WL 1821457, at *5 (E.D. Va. Apr. 10, 2020); *United States v. Underwood*, No. CR TDC-18-0201, 2020 WL 1820092, at *2 (D. Md. Apr. 10, 2020); *United States v. Sundblad*, No. CV 6:16-CR-00047-JMC, 2020 WL 1686237, at *2 (D.S.C. Apr. 7, 2020); *United States v. Carver*, No. 19 Cr. 6044, 2020 WL 1604968, at *1 (E.D. Wa. Apr. 1, 2020); *United States v. Clark*, No. 17 Cr. 85 (SDD), 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); *United States v. Williams*, No. 15 Cr. 646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020); *United States v. Garza*, No. 18 Cr. 1745, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020); *United States v. Zywotko*, No. 19 Cr. 113, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); *United States v. Eberhart*, No. 13 Cr. 313 (PJH), 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); *United States v. Cohen*, No. 18 Cr. 602 (WHP), 2020 WL 1428778. at *1 (S.D.N.Y. Mar. 24, 2020).

only four of FCI Morgantown's inmates and two of its staff have ever been infected with the virus. Defendant's allegations of BOP staff failing to follow its COVID-19 Action Plan do not compel a sentence reduction. For instance, Defendant describes an incident in which a vehicle that he uses to conduct groundskeeping work at FCI Morgantown was quarantined due to potential contamination by an infected person. [ECF No. 48, at 2]. This episode, if anything, demonstrates that BOP officials at FCI Morgantown are, to date, taking COVID-19 precautions seriously and are taking proactive measures to prevent spread of the illness. Mr. Mills expresses concern that in the federal prison system, inmates are crowded together and unable to practice social distancing. His concerns are no doubt well founded. But the First Step Act requires me to examine the individual circumstances of each defendant, not the conditions across the entire prison system. *See United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . .")

Because Defendant cannot demonstrate dire circumstances at his place of confinement, I need not address his health conditions nor the § 3553(a) sentencing factors.

The COVID-19 outbreak has not gained a foothold in FCI Morgantown and Defendant's general fears that it may do so do not constitute an extraordinary and compelling circumstance.

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release [ECF No. 42] is **DENIED without prejudice.** The court **DIRECTS** the Clerk to send a

copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

                ENTER:    October 19, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE