IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                           CRIMINAL ACTION NO. 2:17-cr-00124-1

JOSEPH DANIEL MILLS

MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Joseph Daniel Mills' Motion for Reconsideration [ECF No. 54] of my most recent denial of his Motion Compassionate Release [ECF No. 53]. Also pending is Mr. Mills' Motion of Judicial Notice in Support of his Pending Request for Compassionate Release [ECF No. 55], wherein he asks that I take judicial notice of the worsening COVID-19 outbreak at FCI Morgantown. The Court, in deciding compassionate release motions, will consider the following: whether the defendant has exhausted his or her administrative remedies and demonstrated "extraordinary and compelling reasons," and whether release is supported by the § 3553(a) factors. In deciding what constitutes "extraordinary and compelling reasons" for release by reason of COVID-19, a defendant must demonstrate that he or she has a medical condition listed by the Centers for Disease Control and Prevention as causing an increased risk of severe illness from COVID-19 and that he or she is at a facility which cannot effectively prevent the spread of the virus.

For the reasons explained herein, the motions are **DENIED.**

I. BACKGROUND

On May 25, 2018, I sentenced Mr. Mills to 108 months of imprisonment followed by three years of supervised release after he pleaded guilty to one count of possession with intent to distribute methamphetamine. [ECF No. 39]. Mr. Mills first requested compassionate release on July 31, 2020. [ECF No. 42]. I denied that request because Mr. Mills could not demonstrate that his facility could not control the spread of COVID-19. [ECF No. 50]. In fact, at that time, Mr. Mills' facility had reported only four total cases of COVID-19 among inmates, none of which were then active. Mr. Mills filed a second Motion for Compassionate Release on December 10, 2020. [ECF No. 52]. I denied that Motion because Mr. Mills failed to attach documentation demonstrating that he had exhausted his administrative remedies. [ECF No. 53]. Now, in the instant Motion for Reconsideration [ECF No. 54], Mr. Mills has attached documentation in an attempt to cure the defect in his earlier motion.

Mr. Mills is imprisoned at FCI Morgantown in Morgantown, West Virginia. FCI Morgantown is a minimum security facility that houses 438 inmates. *FCI Morgantown*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/mrg/ (last visited Jan. 29, 2021). The Bureau of Prisons ("BOP") reports that, as of February 2, 2021, FCI Morgantown has 79 active cases of COVID-19 among inmates and five active cases among staff. *See COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Feb. 2, 2021). FCI Morgantown has 158 other inmates and 25 staff who have previously been infected with and recovered from COVID-19. *See id.*

2

In the earlier motion that Mr. Mills is asking me to reconsider [ECF No. 52], Mr. Mills alleged he suffers from "various medical conditions including Hypertension, Diminished Lung Capacity and High Blood Pressure." [ECF No. 52, at 4].

## II. DISCUSSION

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

For me to reduce Mr. Mills' sentence under compassionate release, I must find that he has exhausted his administrative remedies, has demonstrated "extraordinary and compelling reasons," and find that his release is consistent with the § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018). As I will explain, to find "extraordinary and compelling reasons" exist by reason of COVID-19, Mr. Mills must demonstrate that he has a medical condition listed by the Centers for Disease Control and Prevention ("CDC") as causing an increased risk of severe illness from COVID-19 and that he is at a facility which cannot effectively prevent the spread of the virus.

### a) Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

3

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants must ask BOP to do so on their behalf and then wait 30 days. *See* § 3582(c)(1)(A). Specifically, a defendant must make the request to "the warden of the defendant's facility." *Id.* Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020).

If the defendant is filing a second or renewed motion for compassionate release based on new or additional allegations not included in the original motion, the defendant must again exhaust his administrative remedies. *United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 4726685, *3 (D. Kan. Aug. 13, 2020); *United States v. Adkins*, No. 2:10-CR-10-PPS, 2020 WL 4188205, at *2 (N.D. Ind. July 21, 2020); *United States v. Polley*, No. CR 18-196, 2020 WL 3574373, at *3 (E.D. Pa. June 30, 2020).

Mr. Mills attached documentation to his Motion for Reconsideration which shows that he requested compassionate release from the warden at FCI Morgantown on April 16, 2020. [ECF No. 54, at 3]. Mr. Mills' request was denied by the warden at FCI Morgantown on May 5, 2020. [ECF No. 54, at 3]. However, this attempt at exhaustion was related to the first compassionate release motion Mr. Mills filed in July 2020. [ECF No. 42]. When Mr. Mills filed his second or renewed motion in December [ECF No. 52], he needed to first make a new request to the Warden and then either wait 30 days or exhaust his remedies within BOP. Because Mr. Mills did

not make such a request, I cannot find that he has exhausted his administrative remedies. Therefore, the Motion [ECF No. 54] must be **DENIED**. However, as I will explain, even if Mr. Mills exhausts his administrative remedies, I could not grant him compassionate release at this time.

### b) Extraordinary and Compelling Reasons

Once an inmate has satisfied administrative exhaustion, a court may reduce his sentence upon a finding of "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A). I have joined other courts in holding that I cannot find that "extraordinary and compelling" reasons exist to grant release because of COVID-19 unless the inmate has a medical condition that makes him or her more at risk for developing a serious illness from COVID-19 *and* the facility where the inmate is housed has conditions such that its inmates are at a high risk of contracting COVID-19. *See United States v. Boston*, No. 2:19-cr-00162, 2021 WL 77466, at *3–4 (S.D. W. Va. Jan. 7, 2021); *See also United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Penaloza*, No. 19-238, 2020 WL 1555064, at *2 (D. Md. Apr. 1, 2020) ("[T]he mere presence of the virus, even in the detention setting, does not translate to the release of a person accused.").

In deciding which medical conditions result in an inmate being a higher risk for COVID-19, I will defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 2, 2021). Using CDC guidance allows for more predictable standards in deciding which defendants have "extraordinary and compelling" reasons justifying release. If an inmate can demonstrate that he or she has a condition identified by CDC, next, the defendant must show that his or her prison conditions are such that BOP cannot effectively prevent the spread of COVID-19. Factors include but are not limited to the steps BOP has taken to stop the spread of COVID-19 in that particular prison and steps to follow CDC guidance, the ability of inmates to socially distance, the amount of hygiene products and face masks provided to inmates, and the number of COVID-19 cases in that prison.

In the Motion he is asking me to reconsider [ECF No. 52], Mr. Mills alleged that he suffers from hypertension, diminished lung capacity, and obesity. [ECF No. 52, at 4]. Though hypertension and obesity are on the CDC's list of medical conditions I will consider, Mr. Mills failed to attached any documentation to this Motion confirming his diagnoses. Therefore, I am unable to determine that Mr. Mills has established extraordinary and compelling reasons for his release. However, even if Mr. Mills could confirm his medical conditions, I would still deny his motion because the 3553(a) factors do not support his release.

### c) The 18 U.S.C. § 3553(a) Factors

Even if a defendant can satisfy all of the other requirements, I cannot grant compassionate release unless doing so is supported after considering the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A). The § 3553(a) factors include the history and characteristics of the defendant; the nature of the offense; and the need for the

sentence to reflect the seriousness of the offense, to afford adequate deterrence, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Even though I must deny Mr. Mills' motion based on his failure to exhaust his administrative remedies and demonstrate extraordinary and compelling reasons, I also find that his release would not be justified after considering the § 3553(a) factors. Mr. Mills pled guilty to possession with intent to distribute methamphetamine. Though this offense was Mr. Mills' first felony conviction, I explained at his sentencing hearing that he was involved in a very extensive drug enterprise. Mr. Mills regularly went to Ohio to purchase large quantities of methamphetamine, and he had multiple people working with him to distribute drugs daily in this district. In addition, as part of the relevant conduct of Mr. Mills' offense, I found that body armor and 21 firearms were found in the home where Mr. Mills was arrested, and that Mr. Mills was known to carry a firearm while selling drugs. This was not a single, one-off instance of criminal conduct. Rather, it was an extremely serious offense which endangered the entire community.

When I sentenced Mr. Mills to 108 months of imprisonment, I varied downward from the Guidelines range of 135 to 168 months. In doing so, I took into account issues with the testing and identification of the drugs Mr. Mills was distributing. I also considered his relationships with his family members, his potential for rehabilitation, and his extensive history of drug abuse. I noted that, while Mr. Mills had no convictions for violent conduct, there were allegations of violence brought against Mr. Mills by five separate people who have previously filed for protection orders. For those reasons, I sentenced Mr. Mills to a sentence of 108 months, well below the advisory

range. Mr. Mills has only served 32 months, or roughly 30-percent, of his sentence. I cannot find that releasing him now would serve the purposes of sentencing. Specifically, I find that the § 3553(a) factors counsel against releasing Mr. Mills. Given his combination of drugs and firearms, and the allegations that he has a history of violence, I am convinced that compassionate release is not appropriate at this time. Reducing Mr. Mills' sentence would result in a sentence that does not reflect the seriousness of the offense, provide adequate deterrence, or protect the public.

### III.     Conclusion

For all of the foregoing reasons, Mr. Mills' Motion for Reconsideration [ECF No. 54] is **DENIED**. Mr. Mills' Motion of Judicial Notice in Support of his Pending Request for Compassionate Release [ECF No. 55] is **DENIED as MOOT**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     February 3, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE